UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Julie Little | Case No.  5:11-cv-680 |
| Plaintiff, | COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF |
| v. | |
| Focus Receivables Management, LLC | |
| Defendant. | JURY DEMAND ENDORSED HEREIN |

## PARTIES

1. Plaintiff is a natural person who resided in San Antonio, TX at all times relevant to this action.

2. Defendant is a Georgia limited liability company that maintained its principal place of business in Marietta, GA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Discover, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On numerous occasions throughout April and May 2011, including May 11, 2011, Defendant telephoned Plaintiff' place of employment in connection with the collection of the debt and spoke to Plaintiff's secretaries ("Secretaries").

14. During several of these communications, Defendant screamed at Secretaries, demanded that Secretaries take a message for Plaintiff, and accused Secretaries of deliberately refusing to take a message for Plaintiff.

15. During several of these communications, Defendant revealed to Secretaries that Plaintiff owed a debt.

16. On or around May 12, 2011, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt.

17. In response to this communication, Plaintiff telephoned defendant, on or around May 12, 2011.

18. During this communication, Plaintiff notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

19. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment in connection with the collection of the debt on May 13, May 18, May 19, and May 25, 2011.

20. During at least one of these communications, Plaintiff again notified Defendant that Plaintiff's employer prohibits such communications at Plaintiff's place of employment and/or that Defendant's telephone calls to Plaintiff's place of employment were inconvenient for Plaintiff.

21. As a result of the repetitive and harassing nature of Defendant telephone calls to Plaintiff's place of employment, Plaintiff was reported to her employer's central office.

22. Plaintiff has suffered harm to her reputation at her place of employment.

23. Plaintiff is in a state of fear over the possibility of being reprimanded by her employer or losing her job.

24. Defendant caused Plaintiff substantial emotional distress.

25. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

27. In support hereof, Plaintiff incorporates paragraphs 16-19 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

28. Defendant violated 15 U.S.C. §1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

29. In support hereof, Plaintiff incorporates paragraphs 16-19 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

30. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the debt.

31. In support hereof, Plaintiff incorporates paragraphs 13-15 as if specifically stated herein.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

32. Defendant violated 15 U.S.C. §1692c(b) by communicating with third parties in connection with the collection of the debt without Plaintiff's prior consent.

In support hereof, Plaintiff incorporates paragraphs 13-15 as if specifically stated herein.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

  a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

  b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Bryan Fears
Bryan Fears, Bar # 24040886
Macey & Aleman, P.C. – Of Counsel
4925 Greenville Avenue, Suite 715
Dallas, TX 75206
Telephone: (214)-890-0711
Email: fears@fnlawfirm.com